**EXHIBIT B**

JEFFREY SIMONS
EMAIL: JMS@FOGELMANLAWFIRM.COM

FOGELMAN LAW

7 WELLS AVENUE, SUITE 23
NEWTON, MA 02459
PHONE: 617.559.1530 FAX:617.505.1540

April 6, 2026

Shawn Simpson
74 New Montgomery Street, Unit 804
San Francisco, CA 94105

Via Certified Mail, Return Receipt Required

**Re: Aharonson v. Boutique Air, Inc. et. al.**

To Whom It May Concern:

Enclosed please find a copy of the Summons, Civil Complaint, and Tracking Order relating to the civil action filed against you in the Norfolk County Superior Court in Massachusetts.

You may wish to consult with legal counsel regarding this matter. Please direct any communications concerning this case to the undersigned. Thank you for your attention to this matter.

Very truly yours,

*Jeffrey M. Simons*

Jeffrey M. Simons

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2682 CV 00380

Arina Ahronson, *Plaintiff(s)*

v.

Boutique Air Inc, et al, *Defendant(s)*

## SUMMONS

To the above-named Defendant: Shawn Simpsons

You are hereby summoned and required to serve upon Jeffrey M. Simons, plaintiff's attorney, whose address is Feigelman Law, 7 Wells Ave, Ste 23, Newton MA 02459 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Michael D. Ricciuti, Esquire, at ____________ the ____________

day of ____________, in the year of our Lord two thousand and ____________

Walter F. Timilty, Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................, 20 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

..............................................................................................................................

..............................................................................................................................

..............................................................................................................................

Dated: , 20 ..........................................................................................

**N. B. TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

| |
|---|
| , 20 . |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2682CV00380

Arina Ahlsensen ......................, *Plaintiff*

v.

Bative A.S., Inc. ......................, *Defendant*

SUMMONS

(Mass. R. Civ. P.4)

**COMMONWEALTH OF MASSSACHUSETTS**
**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**NORFOLK, ss.**

| | |
|---|---|
| ARINA AHARONSON,<br><br>Plaintiff,<br>v.<br><br>BOUTIQUE AIR, INC., SHAWN SIMPSON, BRIAN KONDRAD, NADIM EL KHOURY,<br><br>Defendants. | **Civil Action No.:** |

## COMPLAINT AND JURY DEMAND

### Introduction

This is a complaint for damages arising from the unlawful gender/pregnancy discrimination and retaliation, resulting in the unlawful termination of Plaintiff, Arina Aharonson, by Defendants Boutique Air, Inc., Shawn Simpson, Brian Kondrad, and Nadim El Khoury. As a result of Defendants' actions, Plaintiff has suffered damages, including lost wages and emotional distress.

### Parties

1. Plaintiff Arina Aharonson ("Ms. Aharonson") is an individual who resides at 37 King Street, Norfolk, MA 02056.
2. Defendant Boutique Air, Inc. ("Boutique Air") is an FAA-certified air carrier providing both scheduled and charter air service with a principal place of business located at 53rd Street, Suite 925, San Francisco, California 94103.

3. Boutique Air operates out of and has a base at the Boston Logan Airport in Massachusetts.
4. Defendant Shawn Simpson ("Mr. Simpson") is the CEO and Chairman of Boutique Air, and was during the time Ms. Aharonson was being discriminated against.
5. Defendant Brian Kondrad ("Mr. Kondrad") is the Business Operations Vice President of Boutique Air, and was during the time Ms. Aharonson was being discriminated against.
6. Defendant Nadim El Khoury ("Mr. Khoury") is the Director of Operations of Boutique Air, and was during the time Ms. Aharonson was being discriminated against.

**Jurisdiction and Venue**

7. Jurisdiction of this Court is lawful and proper as Defendant operates in Massachusetts, Defendant's unlawful acts occurred in Massachusetts, and Plaintiff resides in Massachusetts.
8. Venue in Middlesex County is lawful and proper as Plaintiff resides there.

**Facts Common to All Counts**

9. Ms. Aharonson started working for Boutique Air on June 26, 2024.
10. Ms. Aharonson was employed as a First Officer, being paid a salary of $30,000.
11. During Ms. Aharonson's employment with Boutique Air, she was the only female pilot and therefore uniquely subjected to gender and pregnancy-based scrutiny.
12. Prior to disclosing her pregnancy, Ms. Aharonson met or exceeded legitimate job expectations and was not subjected to any formal discipline.
13. On October 19, 2024, Ms. Aharonson informed Boutique Air that she was pregnant.
14. Initially, after notifying Boutique Air of her pregnancy, Ms. Aharonson faced significant delays in receiving any sort of response.

15. Ms. Aharonson had to make repeated calls and send multiple messages to various individuals before receiving any acknowledgement of her pregnancy.
16. When Boutique Air finally responded, they asked if she wanted to apply for Massachusetts Paid Family and Medical Leave (PFML) or take the company's four-month unpaid leave.
17. Ms. Aharonson informed Boutique Air that she wanted to use PFML, a state-mandated benefit, but Boutique Air falsely informed Ms. Aharonson that she was ineligible for PFML because they are an airline company, which constitutes interference with a protected statutory benefit and evidence of discriminatory intent.
18. Ms. Aharonson learned that this was misleading and incorrect information and subsequently applied for PFML. However, Ms. Aharonson's application for PFML was delayed because Boutique Air refused to provide Ms. Aharonson with her Employer Identification Number, thereby delaying and interfering with her ability to secure protected leave.
19. On or around January 13, 2025, Ms. Aharonson was scheduled to fly, but at the last minute, was informed that Mr. Khoury would be taking over.
20. Ms. Aharonson was given no explanation and was not allowed to log those flight hours.
21. There was no indication that this was a routine operational decision or related to any specific performance concern, Ms. Aharonson was not given any written notice or formal documentation regarding this change, and this occurred shortly after her pregnancy disclosure, supporting an inference of discriminatory motive.

22. On or around January 27, 2025, Ms. Aharonson was unexpectedly removed from her scheduled flights and noticed that she did not have any flights scheduled for the month of February.

23. Ms. Aharonson was informed that she was being excluded from these flights due to potential risks of her pregnancy.

24. This decision was made without prior consultation, medical justification, or any discussion with Ms. Aharonson and was based on stereotypes and assumptions regarding pregnant employees rather than an individualized assessment.

25. The abrupt removal of Ms. Aharonson's duties adversely affected her working hours and professional standing, based solely on assumptions about her pregnancy rather than an assessment of her actual capabilities.

26. One month before she was scheduled to begin leave, Ms. Aharonson learned that she was placed on "reserve mode" where she was assigned days she might be called into work, but she was not given any actual flight hours, resulting in loss of compensation, flight experience, and career advancement opportunities.

27. Ms. Aharonson was informed that she was placed on "reserve mode" due to her pregnancy "moving fast" and that "you never know what will happen."

28. Ms. Aharonson informed Boutique Air that her doctor had confirmed that she was fully healthy and fit to fly, and that she could still perform all her job duties, besides lifting heavy baggage, something her coworkers were already assisting her with.

29. On January 31, 2025, Ms. Aharonson received a phone call from Boutique Air informing her that she was required to either resign or she would be terminated.

30. Ms. Aharonson was not provided with any specific reasons for her effective termination and was additionally threatened with being reported to the FAA if she did not respond, a threat that would jeopardize her licensure and career, further evidencing coercion and retaliatory animus.

31. Almost immediately after the phone call referenced above, Boutique Air deactivated Ms. Aharonson's work email.

32. Ms. Aharonson sent a text message to the Chief Pilot at the time requesting his email address so she could follow up, but that text message was ignored.

33. Boutique Air sent Ms. Aharonson's final paycheck to her before any formal termination or resignation was complete.

34. Under this duress, conditions had become so intolerable that a reasonable person in Ms. Aharonson's position would feel compelled to resign, a decision Ms. Aharonson ultimately made. This constitutes a constructive discharge.

35. The adverse employment actions taken against Ms. Aharonson include, but are not limited to: removal from scheduled flights, reduction of flight hours and earning capacity, placement on reserve without work, interference with PFML access, threats to report her to the FAA, and constructive discharge.

36. Upon information and belief, similarly situated non-pregnant male pilots were not removed from scheduled flights, were not placed on "reserve mode" without flight assignments, were not subjected to assumptions about their ability to safely perform their duties, and were not threatened with adverse professional consequences, including reporting to the FAA, under comparable circumstances.

37. At no point during her employment did Defendants issue any formal discipline, report Ms. Aharonson to the FAA, or cite any safety violations or performance deficiencies prior to her pregnancy disclosure.

38. Any alleged concerns regarding Ms. Aharonson's communications skills or flight performance are unfounded, inconsistent with industry standards, and were never raised with her during her employment, but instead surfaced only after the decision to remove her from flights and terminate her employment, evidencing pretext.

39. Ms. Aharonson consistently operated aircraft safely and in compliance with applicable standards, and was never involved in any incident, deviation, or safety concern during her employment.

40. Post-hoc criticisms raised after Ms. Aharonson disclosed her pregnancy and asserted her rights demonstrate that Defendants' stated reasons for their actions are a pretext for unlawful discrimination.

41. These include false comments reflecting gender-based stereotyping and bias.

42. Ms. Aharonson was at no point reported to the FAA or issued a Pilot Deviation by ATC, further demonstrating her capabilities.

43. On February 18, 2025, after being notified of Ms. Aharonson's legal representation relating to claims of pregnancy discrimination, Boutique Air told Ms. Aharonson's counsel that they would like to give Ms. Aharonson a "second chance" and offered for her to return to her position as First Officer.

44. This was a clear attempt to cover-up the unlawful termination occurring weeks before.

**Exhaustion of Administrative Remedies**

45. Ms. Aharonson properly exhausted her administrative remedies pursuant to G.L. c. 151B.

46. Ms. Aharonson, through counsel, filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination on approximately April 2, 2025.
47. On December 1, 2025, Ms. Aharonson, through counsel, requested to withdraw her Charge to allow for filing in Superior Court.
48. Ms. Aharonson's request was allowed.

**Count I**
**Plaintiff v. All Defendants**
**Mass. Gen. Law c. 151B, § 4(1) Sex/Pregnancy Discrimination**

49. Plaintiff repeats the allegations set forth above as if fully contained herein.
50. Ms. Aharonson is a female.
51. Boutique Air employs more than six employees.
52. Ms. Aharonson disclosed her pregnancy to the Company on October 19, 2024.
53. The Company began mistreating Ms. Aharonson, excluding her from flights and future flight schedules, criticizing her performance for the first time, and making unfounded assumptions about her capabilities only after learning of her pregnancy, while similarly situated non-pregnant employees were not subjected to such treatment.
54. One month prior to Ms. Aharonson beginning her scheduled PFML, she was removed from all flights and informed that she was being placed on "reserve mode."
55. On January 31, 2025, Ms. Aharonson was given the option to resign or be terminated, with threats of being reported to the FAA if she did not comply.
56. Ms. Aharonson was constructively discharged shortly thereafter.

**Count II**
**Plaintiff v. All Defendants**
**Retaliation in violation of M.G.L. c. 151B, § 4(4)**

57. Plaintiff repeats the allegations set forth above as if fully contained herein.

58. Ms. Aharonson disclosed her pregnancy in October 2024.
59. The discriminatory treatment outlined herein began shortly thereafter informing her employer about her pregnancy and continued through her termination.
60. Ms. Aharonson made efforts to afford herself of the leave provided by law in Massachusetts associated with her pregnancy, which constitutes protected activity under M.G.L. c. 151B.
61. Ms. Aharonson was asked if she wanted to apply for PFML or take the Company's four-month unpaid leave. Ms. Aharonson clearly stated that she wanted PFML but was incorrectly told by the Company that she was ineligible for PFML because the Company was an airline company.
62. Ms. Aharonson conducted her own research and consulted with legal and state resources to confirm that she was eligible for PFML.
63. Ms. Aharonson's application process for PFML was further delayed due to the Company's failure to provide her Employer Identification Number. These delays forced Ms. Aharonson to expend significant personal time and effort to access a legally protected benefit.
64. Defendants were aware of plaintiff's protected activity, including her request for PFML and assertion of her legal rights.
65. Ms. Aharonson was removed from her scheduled flights with reasons cited regarding the potential risk to her pregnancy despite her or her medical provider never being consulted.
66. Additionally, all communication and documentation regarding Ms. Aharonson's PFML request were stored on her company email, which was deactivated when she was

terminated less than two months before her due date, creating further obstacles in accessing her own records.

67. Ms. Aharonson was constructively discharged.

**Count III**
**Plaintiff v. Shawn Simpson, Brian Kondrad and Nadim El Khoury**
**Aiding and Abetting Discrimination in violation of M.G.L. c. 151B, § 4(5)**

68. Plaintiff repeats the allegations set forth above as if fully contained herein.

69. Defendants Shawn Simpson, Brian Kondrad, and Nadim El Khoury are individuals subject to liability under M.G.L. c. 151B.

70. Each of the Individual Defendants participated in, directed, authorized, and/or ratified the discriminatory and retaliatory conduct described herein.

71. The Individual Defendants had knowledge of Plaintiff's pregnancy and her efforts to obtain PFML leave and assert her legal rights.

72. Despite such knowledge, the Individual Defendants substantially assisted and encouraged the unlawful conduct, including but not limited to removing Plaintiff from scheduled flights, interfering with her access to PFML benefits, subjecting her to discriminatory assumptions, threatening adverse action against her professional licensure, and forcing her constructive discharge.

73. The conduct of the Individual Defendants constitutes aiding and abetting unlawful discrimination and retaliation in violation of M.G.L. c. 151B, § 4(5).

**Prayers for Relief**

WHEREFORE, Plaintiff, Arina Aharonson, respectfully requests that the Court grant her the following relief:

A. Enter judgment in her favor and against the Defendants on all counts of the complaint;

B. Award damages to Plaintiff in an amount determined by the Court;

C. Treble such amount as provided for in M.G.L. c. 151B § 9, and award interest, costs, and attorneys' fees to Plaintiff;

D. Grant such other and further relief, as the Court deems proper including but not limited to punitive and liquidated damages.

**Jury Demand**

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE

Respectfully submitted,

ARINA AHARONSON,

By her attorney,

*Jeffrey M. Simons*

Jeffrey M. Simons
jms@fogelmanlawfirm.com
FOGELMAN LAW LLC
7 Wells Avenue, Suite 23
Newton, MA 02459
617-559-1530

Dated: April 2, 2026

**CIVIL TRACKING ORDER**
**(STANDING ORDER 1- 88)**

DOCKET NUMBER
**2682CV00380**

**Trial Court of Massachusetts**
**The Superior Court**

CASE NAME:
Aharonson, Arina vs. Boutique Air, Inc. et al

Walter F. Timilty
Norfolk County

TO: Jeffrey Simons, Esq.
Fogelman Law LLC
7 Wells Ave
Suite 23
Newton, MA 02459

COURT NAME & ADDRESS
Norfolk County Superior Court
650 High Street
Dedham, MA 02026

**TRACKING ORDER - F - Fast Track**

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** | **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 07/02/2026 | |
| Response to the complaint filed (also see MRCP 12) | | 08/03/2026 | |
| All motions under MRCP 12, 19, and 20 | 08/03/2026 | 08/31/2026 | 09/30/2026 |
| All motions under MRCP 15 | 08/03/2026 | 08/31/2026 | 09/29/2026 |
| All discovery requests **and depositions** served and non-expert depositions completed | 01/28/2027 | | |
| All motions under MRCP 56 | 03/01/2027 | 03/29/2027 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/27/2027 |
| Case shall be resolved and judgment shall issue by | | | 04/03/2028 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

DATE ISSUED
**04/03/2026**

ASSISTANT CLERK

PHONE
**(781)326-1600**